Case 2:12-cv-01814-TSZ    Document 1    Filed 10/16/12    Page 1 of 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>REDMOND HERBAL SPAS LLC.; a corporation dba Asian Miracle Massage; and MEI ZHENG aka Margaret Sutton, individually,<br><br>Defendants. | No. 2:12-cv-1814<br><br>**COMPLAINT – Labor** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 *et seq.*) (the "Act") to enjoin Defendants from violating the provisions of Section 15(a)(2) and 15(a)(5) of the Act. Plaintiff also and separately brings this action: (1) pursuant to Section 16(c) of the Act, for the recovery of a Judgment against Defendants for unpaid minimum wage and overtime compensation due Defendants' employees and liquidated damages in an amount equal thereto, or in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due; and (2)
skip

Office of the Solicitor
U.S. Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, Washington 98104
(206) 757-6762

pursuant to Section 17 of the Act, for the recovery of a Judgment restraining Defendant from withholding payment of unpaid overtime compensation due Defendants' employees.

I

Sections 16(c) and 17 of the Act, and 28 U.S.C. §§ 1331 and 1345 confer jurisdiction of this action upon the Court.

II

A. Defendant REDMOND HERBAL SPAS LLC., is a Washington corporation with a principal place of business located at 16648 Redmond Way, Redmond, WA, within the jurisdiction of this court, where it is engaged in the business of operating massage and reflexology parlors.

B. Defendant MEI ZHENG aka Margaret Sutton, was, at all relevant times, an owner and the designated agent of Defendant Redmond Herbal Spas, and was at all times relevant to this Complaint an employer within the meaning of the Fair Labor Standards Act as set forth at 29 U.S.C. §203(d), in that she was in charge of the day-to-day operations of Defendant Redmond Herbal Spas and therefore was a person acting directly or indirectly in the interest of Defendants (employers) in relation to their employees listed on Exhibit A.

III

At all times relevant to this Complaint, Defendants employed employees in and about their place of business in ordering, receiving, preparing, storing, handling, and/or selling goods and materials which have been transported, shipped, or delivered from points outside the State of Washington; in preparing, transmitting, mailing, or receiving transmissions, reports, letters, correspondence, billings, or remittances to and from points outside the State of Washington; and in using the facilities of commerce. Said employees, by reason of the above activities, were engaged in commerce within the meaning of the Act.

//
//

COMPLAINT (2:12-cv-1814) – Page 2 of 5

Office of the Solicitor
U.S. Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, Washington 98104
(206) 757-6762

IV

At all times relevant to this Complaint, the activities of Defendants referred to above were and are related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of Section 3(r)(1) of the Act.

V

At all times relevant to this Complaint, said enterprise had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, building or otherwise working on goods or materials that have been moved in or produced for commerce, as aforesaid.  Said enterprise at all times relevant to this Complaint has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level stated separately).  By reason thereof, said enterprise at all times relevant to this Complaint was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(a) of the Act.

VI

Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours since May 4, 2009 without compensating said employees for their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

VII

Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, since May 4, 2009 at an hourly rate less than the federal minimum wage.

//

COMPLAINT (2:12-cv-1814) – Page 3 of 5

Office of the Solicitor
U.S. Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, Washington 98104
(206) 757-6762

VIII

Defendants willfully violated the provisions of sections 11 and 15(a)(5) of the Act (29 U.S.C. §§ 211 and 215(a)(5)) by failing to make, keep, and preserve records of the persons employed by Defendants, and of the wages, hours, and other conditions and practices of employment maintained by Defendants, as required by the Act.

IX

Defendants willfully violated the monetary provisions of the Act as alleged in paragraphs VI and VII above, and, as a result, Defendants are liable for unpaid minimum wage and overtime compensation, lost wages, and an equal amount in liquidated damages under Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of Section 15(a)(2) and 15(a)(5) of the Act; and

(2) For an Order:

(a) pursuant to Section 16(c) of the Act finding Defendants jointly and severally liable for unpaid minimum wage and overtime compensation found by the Court to be due Defendants' employees, and liquidated damages equal in amount to the unpaid compensation found due Defendants' employees (both those named in the attached Exhibit "A" and additional employees whose names are currently unknown to Plaintiff but known to Defendants) or, in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due;

(b) pursuant to Section 17 of the Act enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from withholding payment of unpaid minimum wage and overtime compensation found due

COMPLAINT (2:12-cv-1814) – Page 4 of 5

Office of the Solicitor
U.S. Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, Washington 98104
(206) 757-6762

Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

(3) For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 16th day of October 2012.

    M. Patricia Smith
    Solicitor of Labor

    Janet M. Herold
    Regional Solicitor

    Bruce L. Brown
    Associate Regional Solicitor

    /s Bruce L. Brown_____
    By: Bruce L. Brown
    WSBA 18844
    U.S. DEPARTMENT OF LABOR
    Counsel for Plaintiff,
    300 Fifth Ave., Suite 1120
    Seattle, WA 98104
    Tel: (206) 757-6762; Fax: (206) 757-6761
    E-mail: brown.bruce.l@dol.gov

COMPLAINT (2:12-cv-1814) – Page 5 of 5

Office of the Solicitor
U.S. Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, Washington 98104
(206) 757-6762